**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 11-1378 & 11-4647

_____

JACKSON HEWITT, INC.

v.

BARNES ENTERPRISES, INC., a South Carolina Corporation;
RICHARD S. BARNES, an individual; DJSG UTAH TAX SERVICE, LLC;
DONALD J. GODBEHERE; SHEILA GODBEHERE; G.A.L.T. INVESTMENTS, LLC,
a Texas limited liability company; GEORGE SCHULTZ, individual; LINDA SCHULTZ,
individual; ANDREW FOURNIER, individual; TRACI ELTER, individual;
H.E.A.T. ENTERPRISES, LLC; ARAKEL HAGOPIAN, a Texas limited liability
company; NATIONAL TAX NETWORK, LLC; KATHRYNE L. WARD;
RONALD N. CLARK, an individual; PATSY T. CHANEY, an individual;
US SERVICES, INC.; ROGER M. YOUNG, JJS FINANCIAL, LLC; JAMES E. HACK;
SONJA WILLIAMS; JAMES WILLIAMS

DJSG Utah Tax Service, LLC; Donald J. Godbehere; Sheila Godbehere,
Appellants in No. 11-1378

Donald J. Godbehere; Sheila Godbehere,
Appellants in No. 11-4647

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action Nos. 2:10-cv-05108 & 2:10-cv-05330)
District Judge:  Honorable Dennis M. Cavanaugh

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 20, 2013

Before: JORDAN, SHWARTZ and SCIRICA, Circuit Judges

(Opinion filed:  August 22, 2013)

PER CURIAM

Before us are two consolidated appeals that stem from a civil action brought by Appellee Jackson Hewitt Inc. ("Jackson Hewitt") against Appellants Donald Godbehere, Sheila Godbehere, and DJSG Utah Tax Service, LLC ("DJSG"). The first appeal concerns, inter alia, the District Court's order granting Jackson Hewitt's motion for a preliminary injunction. The second appeal challenges the District Court's order granting Jackson Hewitt's motion for sanctions in the form of a default judgment. For the reasons that follow, we will dismiss the first appeal for failure to prosecute and affirm the order challenged in the second appeal.

I.

DJSG is a former Jackson Hewitt franchisee, and the Godbeheres were the co-guarantors of DJSG's franchise agreements with Jackson Hewitt. In October 2010, Jackson Hewitt filed a complaint against Appellants in the District Court, alleging, inter alia, trademark infringement, unfair competition, and breach of contract. The complaint, which was docketed at Case No. 2:10-cv-05330, primarily sought damages and injunctive relief, including the enforcement of a two-year non-compete provision that was included in the franchise agreements.

Around that same time, Jackson Hewitt filed similar complaints in the District Court against other former franchisees and guarantors. In November 2010, the District Court consolidated all of these actions under Case No. 2:10-cv-05108. Several additional actions brought by Jackson Hewitt were later added to these consolidated proceedings.

In December 2010, Jackson Hewitt moved for a preliminary injunction against Appellants. Appellants opposed that motion; they also cross-moved to dismiss the case for lack of jurisdiction or, in the alternative, transfer the case to the United States District Court for the District of Arizona. On January 11, 2011, the District Court entered an order denying Appellants' motion and granting Jackson Hewitt's motion. Appellants then filed additional motions, requesting, inter alia, reconsideration of the District Court's decision. While those new motions were pending, Appellants filed a counseled notice of appeal challenging the District Court's January 11, 2011 decision. That appeal was assigned C.A. No. 11-1378. On February 17, 2011, the District Court issued an opinion denying Appellants' pending motions. Thereafter, the Godbeheres — but not DJSG — filed a counseled notice of appeal challenging that latest decision. This new notice of appeal was docketed as an amended notice of appeal in C.A. No. 11-1378.

The District Court proceedings moved forward notwithstanding the notices of appeal. On September 6, 2011, the United States Magistrate Judge who was assigned to the case issued a scheduling order that, inter alia, directed Appellants to serve their initial disclosures and respond to Jackson Hewitt's discovery requests by September 22, 2011.

The order stressed that failure to comply with this directive would result in sanctions pursuant to Federal Rules of Civil Procedure 16(f) and 37.

On September 23, 2011, Jackson Hewitt moved for sanctions against the Godbeheres pursuant to Rule 37, arguing that a default judgment was warranted because the Godbeheres had failed to comply with the scheduling order. The Godbeheres did not respond to the motion. On November 29, 2011, the District Court granted the motion, concluding that a balancing of the six factors set forth in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), weighed in favor of imposing sanctions in the form of a default judgment.[1] The Godbeheres then filed a third notice of appeal — this time on a pro se basis — challenging this new decision. In May 2012, the District Court deconsolidated the cases and placed this action under its original case number.

The Godbeheres' third notice of appeal was docketed as a separate appeal, assigned C.A. No. 11-4647, and consolidated with C.A. No. 11-1378. Appellants'

---

[1] The six Poulis factors are as follows:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis, 747 F.2d at 868 (emphasis omitted).

attorney in C.A. No. 11-1378 subsequently withdrew as counsel for the Godbeheres, but remained as the attorney of record for DJSG. The appeals are now ready for disposition.[2]

II.

We begin our analysis by determining the scope of our review. DJSG, which is an appellant only in C.A. No. 11-1378, has not filed a brief,[3] and the Godbeheres have not submitted briefing that addresses that appeal. Accordingly, we will dismiss the appeal in C.A. No. 11-1378 for failure to prosecute. See 3d Cir. LAR Misc. 107.2(b). To the extent that the Godbeheres, in pursuing relief in C.A. No. 11-4647, seek to raise claims on behalf of Stephanie Marshall — a former franchisee employee to whom the District Court extended the preliminary and permanent injunctions — they may not do so because, among other reasons, they are proceeding pro se. See 28 U.S.C. § 1654 (providing that a party may proceed in federal court "personally or by counsel"); cf. Osei-

---

[2] In February 2012, pro se litigant Kathryne Ward, one of the other defendants in the consolidated District Court proceedings, advised this Court that she intended to participate in the appeal in C.A. No. 11-4647. A few months later, Ward filed a petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Arizona. As a result of that bankruptcy filing, the appeals brought by Ward herself, see C.A. Nos. 11-1377 & 11-4646, were stayed pursuant to 11 U.S.C. § 362(a). That stay does not apply, however, to the instant appeals because they do not concern an action that was brought against her or otherwise fall under § 362(a). Because Ward has not filed a brief with respect to the instant appeals or indicated her intent to rely on one of the other party's briefing, any arguments that she may have intended to present here have been waived. See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994).

[3] In May 2012, DJSG's attorney informed this Court that DJSG had filed for bankruptcy in February 2011, and that the bankruptcy action was closed in July 2011. The Godbeheres aver that, as a result of those proceedings, DJSG was liquidated. This may explain why DJSG did not file a brief here.

Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 883 (3d Cir. 1991) (holding that the appellant, a non-lawyer proceeding pro se, could not represent his children in federal court). All that is properly before us, therefore, is the Godbeheres' challenge in C.A. No. 11-4647 to the District Court's November 29, 2011 order granting a default judgment in favor of Jackson Hewitt. We consider that challenge below.

We have jurisdiction to review the District Court's November 29, 2011 order pursuant to 28 U.S.C. § 1291. We review that decision for abuse of discretion, see Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912, 919 (3d Cir. 1992), and our review is "guided by the manner in which the trial court balanced the [Poulis] factors . . . and whether the record supports its findings," Poulis, 747 F.2d at 868. "[T]here is no 'magic formula' or 'mechanical calculation' with regard to *Poulis* analysis," In re Asbestos Prods. Liab. Litig. (No. VI), 718 F.3d 236, 246 (3d Cir. 2013) (quoting Briscoe v. Klaus, 538 F.3d 252, 263 (3d Cir. 2008)), and "it is not necessary that all of the factors point toward a default before that sanction will be upheld," Hoxworth, 980 F.2d at 919.

Having reviewed the record, and for substantially the reasons provided by the District Court in its opinion accompanying its November 29, 2011 order, we hold that the District Court did not abuse its discretion in concluding that a balancing of the Poulis factors weighed in favor of entering a default judgment. We note that, in challenging the District Court's November 29, 2011 order, the Godbeheres do not argue that the District Court erred in balancing the Poulis factors. In fact, neither the Godbeheres nor Jackson

Hewitt even mentions <u>Poulis</u>. Instead, the parties focus on the start date of the two-year non-compete provision.[4] But that issue has no bearing on whether the District Court abused its discretion in granting a default judgment, particularly given that the entry of default did not turn on <u>Poulis</u>'s "merits" factor.[5]

In light of the above, we will dismiss the appeal in C.A. No. 11-1378 for failure to prosecute, and we will affirm the District Court's November 29, 2011 judgment.

---

[4] The provision itself stated that it was to run from the date of the termination of the franchise agreements; however, the prayer for relief in Jackson Hewitt's complaint requested that it run from the date of the District Court's order enforcing that provision. The default judgment mirrored that prayer for relief, and the Godbeheres argue that this effectively turned the two-year period into a three-and-a-half-year period. This argument is not properly before us. The District Court did not award that relief on its merits, but rather because the Godbeheres had failed to comply with the scheduling order.

[5] The District Court concluded that this factor did not weigh in either side's favor.